**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**
    **Plaintiff**

**vs.**                                                    **CASE NO: 3:25-CR-96-DJH**

**AMBER WARNER**
    **Defendant**

### AMBER WARNER'S SENTENCING MEMORANDUM

Defendant Amber Warner is to be sentenced by this Court on May 28, 2026.   After several months of negotiation, a binding plea agreement pursuant to the provision of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure was filed in this matter.   The plea outlines an agreement between the government and Amber to the following as being an appropriate sentence for this specific case:

- a prison range between 120-180 months
- a fine at the lowest end of the applicable Guideline Range
- a term of life on supervised release
- restitution in the amount of $6,000 ($3,000 for each victim).

Amber is aware that the Presentence Investigative Report calculated her total offense level as 36 [PSR ¶38].   She has no criminal history, other than minor traffic offenses that were either dismissed or fines were paid. [PSR ¶¶40-45].   Amber is requesting a variance from the calculated guideline range of 188 to 235 months to a sentence of 120 months as a "sufficient, but not greater than necessary" sentence to allow for her to have the time necessary to reflect upon

1

the nature of her actions, the consequences of her behavior and to obtain the necessary treatment to allow her to eventually become a productive member of society.

As this Court is well aware, the Sentencing Guidelines are only one of the 18 U.S.C. §3553(a) factors to be considered and a court cannot simply defer to the policy decisions of the United States Sentencing Commission. *United States v. Booker*, 543 U.S. 220 (2005); *Rita v United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007).    Trial courts are given wide latitude in making individualized sentencing decisions. *Gall*, 128 S.Ct. at 594-598, see, also, *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). There is no presumption or assumption that a sentence which varies from the guideline range is reasonable or unreasonable and this Court is free to disagree with the advisory guideline range on general policy grounds, individualized fact grounds, or because this Court concludes a different sentence is appropriate "regardless" of the guideline range. *Rita*, 127 S.Ct. at 2463, 2465, 2468.

18 U.S.C. §3553(a) is more than a mere laundry list of considerations to be marked off individually; it is rather, a tapestry of factors, through which runs the thread of an overarching principle. *Kimbrough*, 128 S.Ct. at 570.    That tenet instructs a sentencing court to consider all relevant aspects of the person standing before it and strive to construct a sentence that is minimally sufficient to achieve the broad "goals of sentencing" spelled out in the statute. *Kimbrough*, 128 S.Ct. at 570 (quoting 18 U.S.C. §3553(a)).

18 U.S.C. §3553 requires the sentencing court to impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide a just punishment, afford deterrence, protect the public from the defendant and provide

2

education, training or treatment to the defendant as needed.    Amber totally and completely acknowledges her responsibility and liability.

The goals of the sentence - deterrence, personal reform, rehabilitation, retribution are established on a case-by-case basis.   A 120-month sentence is adequate deterrence for Amber and for others who would consider engaging in the same activity as did Amber and her co-defendant.    Amber agrees with her co-defendant's assessment regarding the Offense Conduct. The text messages between Amber and Mr. O'Loan are alarming, but their exchanges were words, not actions. Amber has recognized her failings, reached out to her family, and is eager to get counseling while incarcerated. As she stated to the Court in the attached letter, *"My words hurt, my words were terribly disturbing, terribly disgusting, and most importantly, my words destroyed my family."* Exhibit A, Letter to the Court from Amber Warner.

Amber has spent the past several months trying to piece together how she shattered her and her family's world.    In her reflection, she has come to the realization that she *"raise[d] a strong daughter, one who was better than me.   I am very proud of her!   She did exactly what I taught her to do – stand up for yourself.   I can't imagine the pain I caused her, but I am sincerely in awe of her strength, courage and fortitude.   She saved my life.   And maybe someday, I will earn her forgiveness."* Exh. A.    As noted in the attached letters, *"Amber has expressed deep, genuine remorse to me." "I truly believe that the circumstances surrounding her offense do not reflect who she really is. From my perspective, she was going through a very difficult time in her life and made poor decisions that do not define her character*." Exhibit B, Letters from family.

In determining a just punishment, in addition to a 10-year sentence in the BOP, Amber

agreed to a life term of supervised release, and registration as a sex offender for life, with the publication of that information to the community, her family, friends and neighbors.    She will be subject to numerous restrictions on residence, employment, and opportunities for the rest of her life.    Several courts have recognized the collateral consequences of conviction, such as registration as a sex offender, are relevant to the "need" for the sentence imposed to reflect just punishment.

Along with the years in prison and sex registry, Amber will be placed on supervised release for life.    If she were to commit any other offense while on supervised release, her release could be revoked, and she could be returned to prison in addition to the penalties for the new criminal conduct.

A term of ten (10) years would serve as adequate deterrence for Amber, who has never been in jail much less prison.    Further, such a lengthy imprisonment sets an example for anyone else who might think that attempting to persuade, induce, or entice a minor to engage in sexual activity has no consequences.

Since Amber's arrest, she has recognized her complete failure to do the one thing she loved the most – be the best mom she could be.    She has grasped the severity of her conduct and has tried to cope with her feelings; she looks forward a proactive approach to treatment while in the BOP and will participate in any sex offender program available to her.    A term of 120 months with the BOP Sex Offender Treatment Program, followed by a life time of supervised release, and sex offender registry, is and adequate sentence that is "sufficient, but not greater than necessary" to provide Amber the time necessary to reflect upon the nature of her actions, the consequences of her behavior and to obtain the necessary treatment to allow her to

4

become a productive member of society.

Respectfully submitted,

__/s/ Jennifer H. Culotta_____
Jennifer Hinkebein Culotta, #26741-11
Culotta & Culotta LLP
815 E. Market Street
New Albany, IN 47150
Telephone: (812) 913-6989
jennifer@culottalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

_____/s/ Jennifer H. Culotta_____
Jennifer Hinkebein Culotta

5